Jeffrey Dweck, Esq.
THE LAW FIRM OF JEFFREY S. DWECK, P.C.
100 West 33rd Street, Suite 1017
New York, New York 10001
(212) 502-6150
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TRADE LINES, INC.,** | Case No.   09 CIV 6255 |
| Plaintiff, | (SDW, J.; MCA, M.J.) |
| -against- | |
| **POPULAR BATH PRODUCTS, INC.,** | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants, | |

Defendant, by its attorneys, The Law Firm of Jeffrey S. Dweck, P.C., for its Answer to the Complaint, and for its Affirmative Defenses, alleges as follows:

1. Defendant denies any factual allegations set forth in Paragraph 1 of the Complaint and otherwise asserts that the allegations contained in Paragraph 1 of the Complaint do not constitute factual allegations warranting an answer.

2. Defendant denies any factual allegations set forth in Paragraph 2 of the Complaint and otherwise asserts that the allegations contained in Paragraph 2 of the Complaint do not constitute factual allegations warranting an answer.

3. Defendant denies any factual allegations set forth in Paragraph 3 of the Complaint and otherwise asserts that the allegations contained in Paragraph 3 of the Complaint do not constitute factual allegations warranting an answer.

4. Defendant denies any factual allegations set forth in Paragraph 4 of the Complaint and otherwise asserts that the allegations contained in Paragraph 4 of the Complaint do not constitute factual

allegations warranting an answer, except admits that it has in the past sold goods to one or more customer(s) in New Jersey.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies any factual allegations set forth in Paragraph 6 of the Complaint and otherwise asserts that the allegations contained in Paragraph 6 of the Complaint do not constitute factual allegations warranting an answer.

7. Defendant denies any factual allegations set forth in Paragraph 7 of the Complaint and otherwise asserts that the allegations contained in Paragraph 7 of the Complaint do not constitute factual allegations warranting an answer.

8. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that it is a New York corporation and denies any and all other factual allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations

contained in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the factual allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the factual allegations set forth in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the factual allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the factual allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the factual allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the factual allegations set forth in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the factual allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the factual allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the factual allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the factual allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the factual allegations set forth in Paragraph 30 of the Complaint.

31. Defendant repeats its responses set forth above.

32. Defendant denies the factual allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the factual allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the factual allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the factual allegations set forth in Paragraph 35 of the Complaint.

36. Defendant repeats its responses set forth above.

37. Defendant denies the factual allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the factual allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the factual allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the factual allegations set forth in Paragraph 40 of the Complaint.

41. Defendant repeats its responses set forth above.

42. Defendant denies the factual allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the factual allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the factual allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the factual allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the factual allegations set forth in Paragraph 46 of the Complaint.

47. Defendant repeats its responses set forth above.

48. Defendant denies the factual allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the factual allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the factual allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the factual allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the factual allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the factual allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the factual allegations set forth in Paragraph 54 of the Complaint.

## AS AND FOR ITS AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted, including, without limitation, for unfair competition.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to maintain each count contained in the Complaint and/or Plaintiff is not the real party in interest with respect to the claims made.

### THIRD AFFIRMATIVE DEFENSE

There is no likelihood of confusion or actual confusion or likelihood of dilution or actual dilution between the alleged infringing goods or services and Plaintiff's trademark(s), sufficient and of the kind sufficient to maintain Plaintiff's claims of trademark infringement and unfair competition.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's trademark is (a) sufficiently generic; (b) not inherently distinctive; (c) not distinctive through secondary meaning; (d) is descriptive of Plaintiff's goods or services, so as to defeat Plaintiff's claims for damages relating to trademark infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's common law and state claims are preempted by federal law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the acts alleged to have been committed by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate damages Plaintiff claims were allegedly suffered or to be suffered.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff delayed in bringing this action, which period of time was unreasonable under the circumstances, and that such delay operated to the detriment of the Defendant and that Plaintiff knew of the activities of the Defendant, and yet failed to inform Defendant of any intention on its part to sue for infringement or unfair competition.

Therefore, Plaintiff is guilty of laches and should be barred from maintaining this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's New Jersey State law claim(s) is/are preempted by federal law.


Dated:   New York, New York
         January 21, 2010

THE LAW FIRM OF JEFFREY S. DWECK, P.C.

By: Jeffrey S. Dweck, Esq. (JD 6658)

100 West 33rd Street - Suite 1017
New York, New York 10001
212-502-6150


To:   Ezra Sutton, Esq.
      EZRA SUTTON & ASSOCIATES, P.A.
      900 Route 9, North, Suite 201
      Woodbridge, New Jersey 07095
      *VIA ECF*